IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENYON TAYLOR, )
 )
           Plaintiff, )
 )
  v. ) No. 09 C 5092
 )
CITY OF CHICAGO, ILLINOIS, et al., )
 )
           Defendant. )

## MEMORANDUM ORDER

City of Chicago ("City") and two of its police officers have filed their Joint Answer to the First Amended Complaint ("FAC") brought against them by Kenyon Taylor ("Taylor"). Because that responsive pleading is conceptually flawed (and also reflects poor judgment on the part of defense counsel), this memorandum order is issued sua sponte to require the affirmative defenses ("ADs") that accompany the Answer to be cut down to size.

It seems clear that defense counsel have not paid heed to the standards marked out by Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying it--and see, e.g., App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Although Taylor's counsel are of course free to raise claims of any further deficiencies in the ADs, even a brief look reveals these flaws:

    1. AD 1 is directly at odds with FAC ¶9, so that any threshold notions of qualified immunity drop out of the case--it will take a trial to determine which side's version

prevails. AD 1 is stricken.

2. AD 2 is also directly negated by the FAC--see FAC ¶¶7 through 10. AD 2 is also stricken.

3. AD 4 is purely a straw man, for the FAC seeks to charge City for its own asserted misconduct, not that of others. AD 4 is stricken as well.

4. On the FAC's allegations, the notion of requiring mitigation of damages by Taylor appears to make no sense. AD 6 is stricken.

5. AD 7 mistakenly views the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> as a universal get-out-of-jail-free card. It is not, for the FAC (taken at face value) does state a claim. AD 7 is also stricken.

6. Because FAC ¶9 states defendant officers were acting "without probable cause," AD 8 is stricken too.

7. Because the course of conduct that Taylor ascribes to the officers scarcely qualifies as "discretionary acts" within the terms of the Illinois Tort Immunity Act, AD 9 is also stricken.

8. AD 10 impermissibly contradicts FAC ¶¶9 and 15, and it too is stricken.

9. AD 12 misses the point of the FAC's allegations against City directly, and it is also stricken.

One final word at this point: It is a serious mistake in more ways than one for lawyers to pursue such a kitchen-sink

approach to pleading.  It does not seem to occur to counsel who do so that poor lawyering in that respect can have a fallout effect by casting a cloud of suspicion on their other efforts that may be entirely appropriate on their own.  What was essayed in this case might well be viewed as an invitation to a Rule 11(c) sanction, but this Court is disinclined to such measures--it views the criticism here as sufficient.

                                                              _____
                                                              Milton I. Shadur
                                                              Senior United States District Judge

Date:  November 23, 2009