IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

KENYON TAYLOR,                      )
                                    )
               Plaintiff,           )
                                    )
      v.                            )      No.  09 C 5092
                                    )
CITY OF CHICAGO, et al.,            )
                                    )
               Defendants.          )

                   MEMORANDUM OPINION AND ORDER

      On December 12, 2011 this Court issued (1) the final

pretrial order that had previously been jointly prepared and

submitted by the parties and (2) a contemporaneous minute order

that in part set a timetable for filing motions in limine and

supporting memoranda and then for filing the responses to those

supporting memoranda.  Both sides have met that timetable,[1] so

that the motions are ripe for decision.  Because the briefing on

defendants' motions is much less extensive than on plaintiff's,

this memorandum opinion and order will deal with the former while

reserving the latter for a later opinion.

      One of defendants' motions is standard fare in 42 U.S.C.

§1983 ("Section 1983") actions that target the City of Chicago

and its police officers (its content is somewhat remindful of

_____

      [1]  Because this Court's records reflect that plaintiff's
counsel did not comply with this District Court's LR 5.2(f) as to
the filing that set out plaintiff's responses to defendants'
motions, counsel is ordered to show cause as to why he should not
be subjected to imposition of a fine, as presaged by this Court's
website for such violations.

Claude Rains' classic line "Let's round up the usual suspects" in Casablanca), so that this opinion will later refer to--rather than repeating--one of its holdings in another recent case. But first this opinion will address Defendants' Motion 1, which poses an issue new to this Court's cases.

Because the state court judge in the underlying criminal case that gave rise to the current Section 1983 lawsuit expressly found that no probable cause existed for the defendant officers to arrest plaintiff Kenyon Taylor ("Taylor"), while the same probable-cause-to-arrest question must be decided by the jury in this case, Motion 1 urges that evidence of that judicial finding "is irrelevant, unfairly prejudicial, and should be excluded." No decision by our Court of Appeals has spoken to that issue in the circumstances presented here.

In that respect defendants' Motion at 2 cites Kraushaar v. Flanigan, 45 F.3d 1040, 1051 (7th Cir. 1995) where collateral estoppel was held inapplicable to a like judicial determination of no probable cause because "the arresting officers had no tactical control over the presentation of the evidence." But by total contrast, in this instance the Cook County Circuit Court Judge's decision came at the conclusion of a preliminary hearing in which the sole evidence was that provided by the arresting officer--and that evidence was found inadequate to establish probable cause (Motion Ex. B).

So Kraushaar does not help the defendants in the manner that
they argue, although its ultimate ruling rejecting issue
preclusion does apply because the defendant officers were not
"parties" to the underlying state court prosecution.  Thus the
issue is rather one of admissibility of the state court holding
in evidentiary terms, a subject on which the limited caselaw from
District Courts is a sort of mixed bag.

On analysis, though, this Court finds the answer to that
evidentiary question clear.  Any admission of the judicial
holding into evidence for its correctness would obviously run
into the hearsay problem.  That holding does not qualify as a
hearsay exception under Fed. R. Evid. 803(8), as to which see
United States v. $125,938.62, 537 F.3d 1287, 1292 (11th Cir.
2008), citing United States v. Jones, 29 F.3d 1549, 1554 (11th
Cir. 1994); see also  4 Federal Rules of Evidence Manual
§803.02[9][h](10th ed. 2011).  And as for Fed. R. Evid. 803(22),
that hearsay exception applies to a judgment of a previous
conviction but not of a previous pro-defendant determination
(such as a no-probable-cause holding).

So the bottom line is that Motion 1 is granted on the
probable cause issue, even though both sides agree that the jury
should be apprised of the fact that the criminal charges against
Taylor were dismissed--as Motion at 3 states:

    Defendants recognize that favorable termination of
    Plaintiff's criminal proceeding is an element of his

malicious prosecution claim and do not seek to bar the
fact that the charges were dismissed.

Hence this Court's just-announced holding obviates any need to
engage in Fed. R. Evid. 403 balancing, something that might come
into play if, for example, some effort were made to call as an
opinion witness under Fed. R. Evid. 702 a state court judge who
had made a no-probable-cause determination.  But nothing of that
sort is proposed here.

Defendants' Motion 2 seeks to bar recovery on Taylor's false
imprisonment claim.  But that motion is rendered moot by Taylor's
acknowledgment in his Response at 4 that such a state law claim
is being dismissed in favor of pursuing his Section 1983 claim of
false arrest.

Next, Motion 3 is captioned:

Any evidence that Defendant Officers are indemnified by
the City of Chicago should be barred as irrelevant and
unfairly prejudicial.

Just last week this Court issued its February 24 memorandum
opinion and order in Scott v. Wallace, 07 C 4287, that spoke at
length (slip op. at 2-3[2]) to an identical motion in that case.
What was said there applies with equal force here, so that
Motion 3 is also denied as presented, subject to possible review
in the context of trial.

Next, Motion 4 renews once again defendants' effort to bar

---

[2]  That opinion is not yet available on Westlaw.

the testimony of Calvin Redmond ("Redmond") on the ground of inadequate disclosure during the time frame allotted for discovery.  On that score the parties concur with this Court's consistent earlier-status position that unless defendants are provided the opportunity to depose Redmond sufficiently in advance of trial, he should not be permitted to testify at trial. They part company, however, as to what constitutes "sufficient time," with defendants asking for a bar unless the Redmond deposition takes place within 60 days of the trial date and plaintiff responding that 30 days should be enough.  This Court finds the position of Taylor's counsel to be reasonable, so that Motion 4 is granted as so modified.[3]

Finally, defendants' Motions 5 and 6 seek to keep out of the case two types of evidence of a collateral nature.  Taylor's counsel responds by offering no objection to the motions unless defense counsel were to open up the subject "by introducing testimony that, for example, the Defendant Officers are exemplary police officers that have no complaints initiated against them." Hence both motions are granted, subject to the possible (and it would seem unlikely) exception stated by Taylor's counsel.

---

[3]  Given the parties' unsuccessful efforts to locate Redmond over such a substantial period of time, it seems likely that the issue will become moot in any event.

Conclusion

    1.  Motion 1 is granted.

    2.  Motions 2, 5 (subject to a possible--and unlikely--modification) and 6 are granted without objection.

    3.  Motion 3 is denied as presented, subject to possible review in the context of trial

    4.  Motion 4 is granted as modified.

As stated earlier, Taylor's motions in limine will be addressed in a later opinion.

_____

Milton I. Shadur
Senior United States District Judge


Date:  February 29, 2012